IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODERICK WILLIAM LEAR, ) | |
| ) | Civil Action No. 03 - 1156 |
| Plaintiff, ) | |
| ) | Judge Maurice B. Cohill/ |
| vs. ) | Magistrate Judge Lenihan |
| ) | |
| MR. DAHUS, Director, RON ) | |
| PRISTAS, Counselor, CATHERINE ) | |
| DELEE, Monitor, MR. McCLAIN, ) | |
| Monitor, and MS. BEAN, ) | |
| Counselor, ) | |
| ) | |
| Defendants ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**RECOMMENDATION**

It is recommended that the case be dismissed due to Plaintiff's failure to prosecute.

**REPORT**

Roderick W. Lear ("Plaintiff") was a state prisoner at the time of filing this civil rights complaint. This case has been the subject of previous proceedings, see Doc. Nos. 27 & 28, wherein most claims were dismissed. Familiarity with those prior proceedings is presumed.

Plaintiff has moved several times and has not provided forwarding addresses and the court cannot locate Plaintiff. No action has been taken buy Plaintiff on this case for quite some time, so it is recommended that this case should be dismissed for failure to prosecute.

**A.   Relevant Procedural History**

After the Defendants' motion to dismiss was granted in part and denied in part, the court undertook to find a lawyer willing to represent Plaintiff.  The history of these efforts, plus Plaintiff's moves from prison to a half-way house on parole and subsequently to a private residence, all without informing the court of his current address was recounted in detail in Doc. 36.  In Doc. 36, this court ordered Plaintiff on November 4, 2005, to show cause by December 5, 2005, why this case should not be dismissed for failure to prosecute.  It is now April 2006, and Plaintiff never responded, nor has this court heard from Plaintiff in all this time.

**B.   Dismissal for Failure to Prosecute**

Rule 41(b) of the Federal Rules of Civil Procedure deals with involuntary dismissals and provides in relevant part that a court may dismiss an action

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

A court's decision to dismiss for failure to prosecute is committed to the court's discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998)("We review for

abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995). Those six Poulis factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). For the Court of Appeals has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir.1988). Instead, the decision must be made

---

[1] See e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

in the context of the district court's extended contact with the litigant." Id.

In considering the Poulis factors, the first factor weighs particularly heavy against Plaintiff, given that he is pro se and has no one to blame but himself for his failure to keep the court and parties informed of his current address and so to enable him to receive the court's orders and notices. Indeed, Plaintiff was clearly warned at the very beginning of this lawsuit that failure to keep the court informed of any changes in his address could result in dismissal of the action for failure to prosecute. Doc. 7 at 4-5 ("IT IS FURTHER ORDERED that Plaintiff shall immediately advise the court of any change in address. Failure to do so may result in dismissal for failure to prosecute . . . ."). The court can only surmise that he has lost interest in prosecuting this case further. As for the second Poulis factor, there may be prejudice to the Defendants, given that they too cannot contact Plaintiff so as to conduct any further discovery that would be needed for summary judgment purposes. However, this is only a slight consideration at this stage.

The fifth Poulis factor weighs in favor of dismissal for failure to prosecute, given that Plaintiff cannot be contacted, it is difficult to see how any lesser sanction, of which Plaintiff cannot be made aware, would serve the interests of justice or judicial economy.

Considering the remaining <u>Poulis</u> factors, it is apparent to the undersigned that Plaintiff's suit should be dismissed for failure to prosecute.

**<u>CONCLUSION</u>**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.


<u>/s/ Lisa Pupo Lenihan</u><br>
Lisa Pupo Lenihan<br>
U.S. Magistrate Judge

Date: April 19, 2006



cc:   Honorable Maurice B. Cohill
      United States District Judge

      Roderick W. Lear, DE 7464
      SCI-Greensburg
      RD 10 Box 10
      Greensburg, PA 15601

      Scott A. Bradley
      Office of the Attorney General
      564 Forbes Avenue
      6th Floor, Manor Complex
      Pittsburgh, PA 15219